The Chief Justice
delivered the opinion of the court.
Upon the motion of William Dickey, against whom a judgment in a plea of trespass on the case had been rendered in the term of April, 1826, in favor of James Y. R. Lawrence, in the Court of Common Pleas of the county of Essex, that court ordered the clerk, in Jan. term, 183U, to enter satisfaction of the judgment, upon payment by Dickey to the attorney on record of the plaintiff, or on his refusal *424 to receive the same, on payment to the said clerk, of the costs of suit and forty per cent, of the principal and interest of the said j udgment. Afterwards on the fifth day of April, 1830, payment having been accordingly made to the clerk, he entered satisfaction as directed by the said rule, stating in the entry that he was satisfied the money had been tendered to the attorney of the plaintiff, and had been refused by him.
*The plaintiff below sued out of this court, a writ of certiorari, directed "to the Court of Common Pleas of the county of Essex, who in return thereto - have certified and sent here, the conditional rule or order of the court just mentioned, with the affidavit on which it was founded and an affidavit taken before one of the judges and filed by the clerk, setting forth the tender to, and refusal by, the plaintiff’s attorney of the portion of principal and interest directed to be paid to him; and an entry thereupon made by the clerk in the minutes of the court; and the entry of satisfaction made by him on the record of the judgment.
The plaintiff seeks to set aside the order and entry as having been made illegally and without due cause. The defendant insists that this court has no jurisdiction, by this writ, to review the proceedings in question; and that the order and entry were properly and lawfully made.
There are two modes of obtaining the entry of satisfaction of a judgment in a Court of record ; the one voluntary, and the other involuntary. The former is where the plaintiff or his attorney makes the entry of satisfaction; or where a warrant of attorney to enter satisfaction is executed, which is followed up by a proper entry.' The latter is where the plaintiff neglects, or is unwilling and refuses, to make the entry or give the warrant, and an order of the court in which the judgment was rendered is made, upon due cause shown -that satisfaction should be entered. An order of this kind and the entry consequent upon it, while remaining in force, are final and conclusve on the rights of *425 the parties. The defendant is effectually protected from the lien and execution of the judgment, and the plaintiff is precluded from any measures to enforce it. The debt or demand is legally extinguished. In making such orders, the court does not proceed as in a matter of discretion, or profess to exercise discretionary powers. The order and entry are matters of mere and strict right. This mode of procedure is of modern origin and use. According to the course of the common law, when ground of discharge occurred subsequent to the judgment, as if a release was given, or if the defendant had paid the debt to the plaintiff without procuring satisfaction to be entered on the record, the method of relief was by the writ of audita querela. This writ and thq proceeding under it, *though abundantly effective, and furnishing full and adequate relief, were slow and expensive, where speed and economy were peculiarly desirable ; and in modern practice, the same end is now, more promptly, with equal utility and less cost, accomplished in a summary way by motion and rule; so that now the audita querela is almost obsolete in England, and has seldom, if ever, been used in New Jersey; 3 Bl. com. 405; 2 Saund. 148, a, note 1; Sutton v. Bishop, 4 Burr, 2287; Nathans v. Giles, 5 Taunt. 561.
The procedure before us, then, is not interlocutory, but final; not sounding in discretion, but of strict right; not according to the course of the common law, but summary ; and as such, therefore, is precisely of the character over which this court has jurisdiction, and which is liable to be removed here by writ of certiorari. A writ of error would not in such case be an apt remedy. Without the certiorari, the principle of review so sedulously cherished and maintained in our system of jurisprudence, whenever the right of a party is to be finally determined, would be, in a most important matter, wholly denied.
The present case is not in fact or in principle like either of the cases referred to by the defendant’s counsel. The *426 act of the court is not a ministerial act, in which it is said, in the quotation he made from 5 Petersdorff 216, that a certiorari will not lie. It is not one of the ordinary details in the administration of justice, which were held by Chancellor Kent in 12 John. 49, to be not subject to review. Of that character were Phillips v. Phillips, 3 Halst. 122; McCourry v. Doremus, 5 Halst. 248, and Wright v. Green, 6 Halst. 334. In Whitehead v. Grey and Gedney at September term, 1830, we disallowed a certiorari directed to arbitrators where the proceeding was not in itself final, and relief might, in every proper case, be had, when the party in whose favor the award was made sought legal means to enforce it.
I am of opinion therefore the writ of certiorari is, in the present instance, an appropriate remedy.
If so, the way is open to examine the legality and propriety of the order and entry. In so doing, it is objected we may be constrained to judge of the credibility of testimony and pass upon matter of fact, which are duties foreign to our jurisdiction *as an appellate court. In making such review, I apprehend no difficulty either of fact or principle. We have the same affidavits on which the court and clerk acted ; we have the same lights as they possessed. We have before us the case presented in the same aspect as before them. Where then is the difficulty? If we can ascertain and apply the rules of law, what obstacle is in our, more than in their path ?
The order of the court is, in my opinion, erroneous in its structure. Admitting that the defendant was entitled to satisfaction on the payment or tender of the dividend declared- by the court, the order should Rave been final, not conditional ‘ the duty charged on the clerk should have been ministerial only; the court, not the clerk, was the proper tribunal to decide whether a tender had been duly made, and so refused as to make proper the final entry of satisfaction.
*427 There is, however, a much more important objection to the order. The substance is wrong as well as the form. The plaintiff is, without sufficient or legal cause, deprived by it of more than half his debt. He was, unquestionably, entitled to the whole amount unless he had done some act to relinquish it. Hone other is alleged than the agreement he entered into with Mr. Dickerson, on the behalf of the defendant, Dickey, on the 25th July, 1829. That agreement is not only distinctly stated in the affidavit of Mr. Dickerson, but having been reduced to writing, admits of no uncertainty as to its terms. The agreement was to accept forty per cent, in. satisfaction of the judgment, not absolutely, but upon condition of payment within sixty days from that date. In the fulfillment of this condition, Lawrence, or rather his assignee, Crosby, was to be entirely passive. He was to receive the money when paid, and to do nothing more. The condition not being fulfilled, the agreement became void; and the Court of Common Pleas had no authority to make a new arrangement for the parties, or to extend the time beyond the limits which the parties themselves had prescribed. The money was not paid, as already mentioned, according to the condition of the agreement. Shortly after the expiration of the time, and before any attempt was made by Dickey to pay the stipulated amount, Lawrence, or his assignee, having called on Mr. Dickerson, or what is the same in legal effect, his *clerk in his absence, for the money, and finding it unpaid, forthwith gave notice that the whole amount should be collected as the part promised had not been paid according to the contract; a measure not perhaps requisite on their part, but which served to render any subsequent offer of the money more plainly without effect and unavailing.
The defendant’s counsel argues that Dickey honestly intended to fulfill the agreement, but was under a misapprehension of the terms, supposing he had six months instead of sixty days. But if such misapprehension on his part really *428 existed, it could change neither the terms of the. agreement nor the rights of Lawrence. The terms were plain and specific, and nothing was done by Lawrence to raise a misunderstanding. The consequences then must fall not on him, but on Dickey. Moreover, the latter must be deemed to have been acquainted with the terms, as in going to New York and making the arrangement, Mr. Dickerson must, as was observed to him by Lawrence, be considered as acting for Dickey.
The defendant’s counsel farther argues that Dr. Ellison was induced to bestow on the defendant a considerable legacy under an expectation that this claim was settled and that Dickey would therefore be permitted to enjoy his bounty. Rut Mr. Dickerson in his affidavit states that he went, to New York to make an arrangement of Dickey's debts, at the request of Dr. Ellison, and we may therefore rightly presume he reported the arrangements which were made. If so, Dr. Ellison was thus apprised that it was conditional only, and the plaintiff cannot justly be said “to take advantage ” or to do anything unfair towards Dr. Ellison, when he insists only on the agreement, according to its terms, and that he alone ought not to be bound when the defendant has not been.
The defendant’s counsel farther argues that he should be saved from his failure to perform the condition, because at the end of sixty days Mr. Dickerson was not in Patei’son to receive the money. But this fact proves nothing, for he does not shew that he was prepared and ready to pay, and only hindered because there was no one to receive; and the contrary manifestly appears. Moreover, the affidavit shews that though Mr. Dickerson was absent, his clerk was there attending to his concerns.
*The defendant’s counsel farther .argues, that the time is not material. But it is part of the contract. The plaintiff may well say, he was bound for a prescribed time and no longer; that the court are not authorized to make *429 another contract for him, nor to say that the interest from the time is as good as a payment at the time, and the delay is, therefore, immaterial and of no prejudice to him. No court has authority thus to make a new contract for him, or thus to deal with the old one.
The defendant farther argues, that it is the duty of the plaintiff to shew that Dickey knew of the particulars of the terms and to prove that fact specifically. I can find no just support for such an argument. Dickey must be presumed to' have known that, of which it was his duty to have informed himself. . His ignorance, if real, can neither change the terms of the agreement nor alter the rights of the plaintiff. These are not to depend on the knowledge or ignorance of Dickey. To give him information was not a duty incumbent on the plaintiff. Nothing of that kind enters into the condition.
Hpon the whole, there is no lawful ground to support the order of the court; and in my opinion, it ought to be set aside.
Order for satisfaction quashed.